UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAMIAN R. TRAPANI,

Plaintiff,

-against- 1:25-CV-1846 (LEK/DJS)

MATTHEW J. SYPNIEWSKI,
Schenectady County Court Judge, *et al.*,

Defendants.

---

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff Damian Trapani first filed this action on December 29, 2025, pursuant to 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. Dkt. No. 1 ("Complaint"). Plaintiff filed an Amended Complaint on January 16, 2026, Dkt. No. 2 ("Amended Complaint"), and a Second Amended Complaint on January 27, 2026, Dkt. No. 3 ("Second Amended Complaint"), along with a Motion for Leave to Proceed in forma pauperis, Dkt. No. 4 ("IFP Motion"). Plaintiff brings claims against numerous identified individuals and entities, as well as several unidentified John and Jane Does. *See* Sec. Am. Compl. ¶¶ 10–49. On February 23, 2026, the Honorable Daniel J. Stewart, United States Magistrate Judge, issued a Report-Recommendation and Order recommending that the Court dismiss Plaintiff's Second Amended Complaint with leave to amend. Dkt. No. 10 ("Report and Recommendation") at 5. Plaintiff filed objections on May 26, 2026. Dkt. No. 17 ("Objections").

For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

## II. BACKGROUND

The Court assumes familiarity with the procedural background detailed in the Report and Recommendation, and the factual allegations detailed in the Second Amended Complaint. *See* R. & R. at 1–2; Sec. Am. Compl. ¶¶ 50–663.

## III. LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"A proper objection must be specific." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F. 4th 349, 359 (2d Cir 2025). "To be 'specific,' the objection must, with particularity, 'identify [1]

the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Nutt v. New York*, No. 12-CV-385, 2012 WL 4006408, at *1 (N.D.N.Y. Sept. 12, 2012) (quoting N.D.N.Y. L.R. 72.1(c)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections . . . the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Further, "[a] proper objection must be timely. Failure to object may 'operate as a forfeiture of further judicial review' of the magistrate judge's decision." *Nambiar*, 158 F. 4th at 359 (citing *Mario v. P&C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *DiPilato*, 662 F. Supp. 2d at 340 (quoting *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato*, 662 F. Supp. 2d at 340 (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## IV. DISCUSSION

Plaintiff makes three objections to Judge Stewart's Report and Recommendation.[1] *See* Obj. at 1–4. Plaintiff objects that the Report and Recommendation (1) failed to provide Plaintiff special solicitude as a pro se litigant, (2) applied an indiscriminate "shotgun pleading" and page-length dismissal to deeply particularized and severable claims, and (3) granted absolute judicial immunity to Defendants. *Id.*

Plaintiff first argues that the Report and Recommendation applied "a rigid, hyper-technical interpretation of Rules 8 and 10," whereas pro se litigants should be accorded "special solicitude" designed to protect them from "procedural traps." *Id.* at 1–2. Plaintiff also requests that the Court provide instructions on amendment, rather than "ordering a terminal dismissal." *Id.* at 2. The Report and Recommendation provides such instructions and does not recommend a "terminal dismissal." R&R at 5–6. In any event, the Court does not consider such an objection to be specific, as Plaintiff's objection concerning a failure to provide him special solicitude is not "clearly aimed at particular findings." *DiPilato*, 662 F. Supp. 2d at 340. The Court will therefore not conduct a de novo review as to this objection. Having reviewed the Report and Recommendation for clear error regarding the first objection, the Court has found none.

For Plaintiff's second objection, Plaintiff argues that the Report and Recommendation errs in recommending dismissal due to the "volume of the complaint." Obj. at 2. Plaintiff contends that "[c]ontrary to the R&R's characterization, the text of the complaint contains highly

---

[1] The Court granted Plaintiff an extension to file objections to the Report and Recommendation, providing a deadline of May 20, 2026. Dkt. No. 15. Plaintiff's Objections were filed on May 26, 2026, though appear to have been mailed on May 21, 2026. *See* Obj. at 6. Plaintiff also requests the "prisoner mailbox rule exception" as he is "currently incarcerated in an impatient program and is unable to access regular mail unless through staff." *Id.* In the interests of according leniency to pro se litigants, the Court will consider Plaintiff's Objections to be timely filed. *See DiPilato*, 662 F. Supp. 2d at 340.

specific, localized factual blocks that isolate individual conduct, completely removing them from the realm of speculative or group pleading." *Id.* As the Court views this as a specific objection, it will review this issue de novo.

According to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Plaintiff objects that the "complexity of a multi-defendant civil rights and racketeering action inherently requires a robust factual foundation." Obj. at 3. Plaintiff also appears to argue that liberally construing his submissions requires that the Court not "throw[] the entire case out due to page count or collective grouping." *Id.* at 2 (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). However, the complexity of Plaintiff's submissions and the liberal construction offered by the Court does not bypass the requirements of Rules 8 and 10. The Second Amended Complaint is excessively long, lacks clarity as to the factual allegations supporting Plaintiff's claims, and would unnecessarily burden Defendants in their response. *See White v. Marinelli*, No. 17-CV-1094, 2019 WL 1090802, at *9 (N.D.N.Y. Mar. 8, 2019) ("Requiring defendants to answer such a lengthy complaint, with so much extraneous material, would waste their time."). Dismissal is thus appropriate. Moreover, Plaintiff mistakenly reads the Report and Recommendation as providing a "total dismissal with prejudice," whereas it instead provides for dismissal "with leave to amend." Obj. at 3; R&R at 4–5. The Court agrees that dismissal with leave to replead will afford Plaintiff the opportunity to

more properly set forth the factual basis for his claims, and the Court encourages Plaintiff to follow the guidance offered in the Report and Recommendation. *See* R&R at 4–5.

As to Plaintiff's third objection, there is no discussion of judicial immunity in the Report and Recommendation. *See generally* R&R. The Court therefore does not consider this objection to be specific in relation to the Report and Recommendation and will not conduct a de novo review. The Court has reviewed the Report and Recommendation for clear error regarding the third objection and has found none.

Therefore, the Court dismisses the objections and approves and adopts the Report and Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 10, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Second Amended Complaint, Dkt. No. 3 is **DISMISSED with leave to amend**; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above within forty-five (45) days from the date of the filing of this Memorandum-Decision and Order. If Plaintiff timely files an amended complaint, this matter shall be returned to the Court for further review; and it is further

**ORDERED**, that if Plaintiff fails to timely file an amended complaint, the Clerk shall dismiss this action and close this case without further order from the Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: October 19, 2026
Albany, New York

LAWRENCE E. KAHN
United States District Judge